BRYAN J. McCORMACK, Bar No. 192418
  Email: *bryan@mcelawfirm.com*
PAUL K. PFEILSCHIEFTER, Bar No. 301463
  Email: *bryan@mcelawfirm.com*
MCCORMACK AND ERLICH, LLP
150 Post Street, Suite #742
San Francisco, CA 94108
Tel:   (415) 296-8420
Fax:   (415) 296-8552

Attorney for Plaintiff Anthony Moser

Robin K. Perkins, SBN: 131252
  Email: rperkins@perkins-lawoffice.com
Natalia D. Asbill, SBN: 281860
  Email: nasbill@perkins-lawoffice.com
**PERKINS & ASSOCIATES**
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone:   916. 446.2000
Facsimile:   916. 447.6400

Attorneys for Defendants
HM777, INC. and
JEFF HOLLAND

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MOSER,<br><br>                Plaintiff,<br><br>vs.<br><br>HM777, INC., a California corporation, doing business as Holland Fire and Plumbing; JEFF HOLLAND, an individual; and DOES 1 through 25, inclusive,<br><br>                Defendants. | Case No. 2:14-CV-02188-KJM-AC<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTES AND PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES, PRODUCTION OF DOCUMENTS, AND THE DEPOSITION OF JEFF HOLLAND, AND FOR SANCTIONS** |

*Left margin (vertical):* MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

# I.   PLAINTIFF'S INTRODUCTION

Plaintiff Anthony Moser ("Plaintiff") seeks to recover unpaid wages, unpaid overtime, and statutorily permitted penalties against defendants HM777, Inc., doing business as Holland Fire & Plumbing ("HM777"), and Jeff Holland ("Holland").  (Hereinafter HM777 and Holland are collectively referenced as "Defendants.")  On September 29, 2015, Plaintiff propounded the following discovery requests upon Defendants in this matter:

- Request for Production of Documents, Set One to HM777 (Declaration of Paul Pfeilschiefter ["Pfeilschiefter Dec."], Ex. A);
- Special Interrogatories, Set One to HM777 (Pfeilschiefter Dec., Ex. B); and
- Requests for Production of Documents, Set One, to Holland (Pfeilschiefter Dec., Ex. C).

Defendants refuse to cooperate in any part of the discovery process.  To begin, Defendants have so far provided only the following type-identical boilerplate objection, copied and pasted to each and every one of Plaintiff's Requests for Production of Documents and Special Interrogatories:

> Objection. Responding Party objects to this request on the grounds that it impermissibly seeks information protected by the attorney-client privilege and the attorney work product doctrine.  Further objection is made and based on the fact that the discovery request is overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects to this request on the grounds that it seeks information protected by third party non-litigants right to privacy as well as the Responding Party's right to privacy.

Defendants' boilerplate objection is the equivalent to providing Plaintiff no response at all. And although Defendants provided limited documentation, purportedly in response to Plaintiff's document requests, many of the documents provided were documents that Plaintiff sent to Defendants at the early stages of this litigation.  Finally, adding insult to injury, defendant Holland refused to attend his deposition noticed for January 11, 2016, and has made no attempt whatsoever to reschedule.

Whereas Plaintiff's counsel has made numerous attempts to permit Defendants to participate

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

in the discovery process, Defendants have been altogether non-responsive. Defendants' counsel explains that Defendants' failure to participate in the discovery process is due to defendant Holland's refusal to communicate, to provide documents, and to make himself available for deposition. Numerous times, Defendants' counsel has reported he is unable to reach defendant Holland in order to procure documents or discovery responses – or any information whatsoever.

Plaintiff's counsel is not able to take this matter off calendar until the discovery issues are resolved. Plaintiff's counsel provided this statement to Defendants' counsel on January 15, 2016, but continues to wait for resolution. Although Defendants' counsel contacted Plaintiff's counsel by phone on January 26, 2016, and have again promised to provide responses and documents on Friday, January 29, 2016, as well as to make Mr. Holland available for his deposition, this dispute is not resolved and will not be resolved until responses are provided, until documents are received, and until Mr. Holland is deposed. Therefore, Plaintiff seeks this Court's intervention and brings this motion to compel Defendants' responses to Plaintiff's discovery, to compel Holland's deposition, and for sanctions. This Joint Statement is provided pursuant to Local Rule 251 and Fed. R. Civ. P. 37.

## II.   DEFENDANTS' INTRODUCTION

Defendants have not and will not refuse to participate in discovery. Defendants have produced documents responsive to Plaintiff's request for documents in their possession, custody and control. If there are any additional documents in the possession of the Defendants responsive to the requests made by Plaintiff, those documents will be produced within the next ten days. As to Defendant, Jeff Holland's deposition, counsel was simply unable to communicate with Mr. Holland until the morning of his deposition to confirm his attendance. As a result, Defense counsel notified Plaintiff's counsel that Mr. Holland would not be available so Plaintiff and his counsel would not incur the costs with traveling to Sacramento for the deposition, The parties have agree to reschedule Mr. Holland's deposition for February 15, 2016 at 10:00 a.m..

## III.   PLAINTIFF'S DETAILS OF PARTIES' CONFERENCES

After receiving Defendant's inadequate and evasive responses to Plaintiff's discovery requests on November 20, 2015, Plaintiff's counsel wrote Defendants' counsel to grant additional time in order to allow Defendants to provide proper responses. (Declaration of Bryan McCormack ["McCormack Dec."], Ex. 1.) Defendant's counsel responded by phone with a promise to provide amended responses by December 15, 2015. Defendants failed to honor this promise. Instead of

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1  providing the promised responses, Defendant's counsel's legal secretary called Plaintiff's counsel at

2  the moment the amended responses were due and promised Defendants' counsel would provide a

3  phone call the following day to resolve the outstanding discovery dispute.  Again, Defendants failed

4  to honor their promise.

5       Plaintiff then made numerous attempts to meet and confer with Defendants to resolve the

6  ongoing dispute, beginning on December 28, 2015, when Plaintiff's counsel explained in an email

7  that this motion would become necessary, absent Defendants' cooperation in the discovery process.

8  (Pfeilschiefter Dec., Ex. 4.)  In reply, Defendants' counsel emailed the next day to state that he had

9  received documents from his client, that he would be providing "substantive responses" to the

10  discovery requests, and that the present motion to compel would not be necessary.  (Pfeilschiefter

11  Dec., Ex. 5.)

12       On December 30, 2015, having yet received no documents or responses, Plaintiff's counsel

13  called Defendant's counsel.  During this phone call, Defendant's counsel explained he was having

14  difficulty contacting his client.  Nonetheless, Defendant's counsel provided 130 pages of documents

15  by email later that day.  (Pfeilschiefter Dec., Ex. 6.)  Unfortunately, Defendants' documents included

16  only one week of Plaintiff's time records, pages of non-responsive emails, and Plaintiff's own

17  settlement demand letter and damages calculations, leaving numerous categories of documents from

18  Plaintiff's requests unaccounted for.

19       On January 4, 2016, Plaintiff's counsel called Defendant's counsel to address Defendant's

20  deficient responses to Plaintiff's discovery requests.  During that phone call, Defendant's counsel

21  again explained that he was unable to reach his client, but promised to make further attempts and to

22  place a phone call to Plaintiff's counsel after speaking with Defendant.  Defendant's counsel added

23  that he had hoped his client would become respondent after receiving his notice of deposition from

24  Plaintiff.  Once again, Defendant's counsel failed to make the promised phone call. Plaintiff's

25  counsel left a message with Defendants' counsel on January 8, 2016, seeking confirmation that

26  defendant Holland would be attending his deposition.  Defendants counsel's only response to that

27  message was to confirm that he could not locate his client and so there was no need for Plaintiff's

28  counsel to attend defendant Holland's deposition scheduled for Monday January 11, 2016.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

## IV.   PLAINTIFF'S STATEMENT OF THE NATURE OF THE ACTION AND FACTUAL DISPUTES PERTINENT TO THE MATTERS TO BE DECIDED AND THE ISSUES TO BE DETERMINED AT THE HEARING

Plaintiff's action seeks recovery for Defendants' failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA") and the California Labor Code ("Labor Code"); failure to furnish wages statements, in violation of the Labor Code; waiting time penalties as provided by statute; and penalties for violations of Business & Professional Code section 17200.  For the first year of Plaintiff's employment with Defendant, he was not paid any money whatsoever, working for Defendant with the hope that his sweat equity would pay off in the future as Defendants' business grew.  Defendants subsequently formed HM777, Inc. in February of 2012 and began to pay Plaintiff an intermittent and sporadic wage of $500, regardless of the number of hours of overtime Plaintiff worked.  This wage was increased to $1000, on or around November 18, 2012, again provided sporadically and for the same amount, regardless of the number of overtime hours worked.  To date, Plaintiff has not been paid a single dollar for any of the overtime hours that he worked or for work performed during the first year of his employment.

Defendants deny each of Plaintiff's allegations, going so far as to deny that Defendant was an employee.  Defendants claim that Plaintiff was a "partner," notwithstanding its license status that clearly states Mr. Holland is the sole owner of Holland Fire & Plumbing.  (Pfeilschiefter Dec., Ex. 7.) Defendants deny that Plaintiff worked overtime, despite knowing that the projects that Plaintiff worked on required long, grueling shifts in order to be completed in a timely fashion, thereby avoiding penalties for delays.  (Defendants' Answer to Complaint ["Answer"], ¶ 1.)  Defendants deny that Plaintiff was paid any wages whatsoever, despite having provided a limited number of cancelled checks signed by Holland and designated as "payroll."  (Answer, ¶ 17.)

Plaintiff's discovery requests seek documentation and information relevant to Plaintiff's causes of action as alleged in his complaint and relevant to Defendants' defense as described above. For example, Plaintiff's interrogatories to HM777 seek to understand the nature of the relationship between the parties, including the existence of agreements between the parties; the existence of an

- 4 -

employer/employee relationship; information relating to Plaintiff's possible classification as an independent contractor; and information relating to the purported partnership between the parties.

Plaintiff's requests for production of documents to both HM777 and Holland, while identical to each defendant, are nonetheless necessary because Holland is an individual and HM777 is purportedly a separate, independent entity. Moreover, the documents sought from each defendant are relevant to the disputed factual issues, including the existence of the purported partnership; Plaintiff's employment status, such as whether he was misclassified as an independent contractor; the various defenses claimed in response to Plaintiff's Complaint; relevant witnesses who could provide additional information not presently in Plaintiff's possession; documents relating to the hours Plaintiff worked, including hours worked by the construction crew he supervised; documents relating to payments Plaintiff was paid for time worked or other compensation; and the allegations contained in the Complaint. These document requests also seek documentation of insurance policies relevant to Plaintiff's claim period and documents relevant to the existence of the purported partnership, such as Schedule K-1 forms.

## V.   PLAINTIFF REQUESTS THIS COURT TO COMPEL THE DEPOSITION OF JEFF HOLLAND

On December 30, 2015, Plaintiff provided Defendant Jeff Holland a notice of deposition, to be held on January 11, 2016, at 10:00 a.m. in Sacramento, California. Plaintiff's counsel contacted Defendant's counsel numerous times to inquire into whether Defendant was planning to attend his scheduled deposition. On January 8, 2016, Defendant's counsel emailed Plaintiff's counsel stating that Holland was not able to be confirmed for his deposition. On January 9, 2016, Defendants' counsel sent an email to Plaintiff's counsel stating that Mr. Holland would not be attending his deposition noticed for January 11, 2016.

Defendant Holland's deposition testimony is likely the only deposition testimony that Plaintiff will seek to obtain. Holland is sole owner of Holland Fire & Plumbing and the only known officer or director of HM777 (Pfeilschiefter Dec., Ex. 8.). Therefore, Holland is the only person who may have knowledge of information relevant to Plaintiff's Complaint. Holland has knowledge of the

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

business and accounting practices of Holland Fire & Plumbing as well as HM777 because his signature is found on checks provided to Plaintiff in the scant set of documents so far provided. (Pfeilschiefter, Ex. 8.)  Other relevant information is likely to be found during Holland's deposition.

**Defendants' Response:**

The parties have agreed to complete Mr. Holland's Deposition on February 15, 2016 at 10:00 a.m.

**VI.   PLAINTIFF REQUESTS THAT DEFENDANTS BE COMPELLED TO SUPPLEMENT THE IMPROPER BOILERPLATE RESPONSE OBJECTIONS PROVIDED IN RESPONSE TO EACH OF PLAINTIFF'S DISCOVERY REQUESTS**

### A.  Plaintiff's Special Interrogatories to HM777, Inc. and Defendants' Objection

**Interrogatory 1.**     Describe in detail the nature of your business relationship with plaintiff from January 2, 2011 through May 3, 2013, including the initial relationship, and any changes to the business relationship with plaintiff during that period.

**Defendant's Objection**:

Objection. Responding Party objects to this request on the grounds that it impermissibly seeks information protected by the attorney-client privilege and the attorney work product doctrine. Further objection is made and based on the fact that the discovery request is overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects to this request on the grounds that it seeks information protected by third party non-litigants right to privacy as well as the Responding Party's right to privacy.

### B.  Plaintiff's Reply To Defendants' Objection to Special Interrogatory #1 to HM777

#### i.   Boilerplate Objections are Improper

The boilerplate responses provided by Defendants to each and every one of Plaintiff's discovery requests are exactly analogous to those in *Dolarian Capital, Inc. v. SOC, LLC*, No. 1: 11-CV-0031-LJO, 2012 WL 4026818, at *2 (E.D. Cal. Sept. 12, 2012), which this Court found to be "wholly inadequate and [to] demonstrate that [responding party] has made no reasonable effort to respond to discovery as required by  Federal Rules of Civil Procedure 33 and 34."  Moreover, as this

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

Court has explained in prior decisions, an "evasive or incomplete … answer, or response is to be treated as a failure to … answer, or respond." *Holt v. Nicholas*, No. 1:09-CV-00800-AWI, 2014 WL 250340, at *3 (E.D. Cal. Jan. 22, 2014), citing Fed.R.Civ.P. 33(b)(1), 37(a)(3). "Federal Rules of Civil Procedure 34 requires that a party responding to a request for production must either state that inspection of documents and related activities will be permitted as requested, or state an objection, including the specifics of the objection and how that objection relates to the documents being demanded." *Id*.

Here, Defendant's boilerplate objection, quoted in full above, speaks for itself. Defendants merely copy and paste the same language, without any variation whatsoever, objecting to each of the Plaintiff's 201 requests on the same repeated grounds without providing any indication of how the objection applies in the particular instance. Moreover, Defendant's response is incomplete. For example, Defendant provided no time records for the year 2011 for any of the employees whose time records were sought by Plaintiff. Finally, not a single objection provides any information as to how the objection relates to the specific information sought or document requested.

### ii. The Attorney-Client Privilege and Work-Product Doctrine Does Not Apply to Most of the Requests and No Privilege Log Has Been Provided to Plaintiff

Defendant's objection predicated on the basis of attorney-client privilege or attorney work-product doctrine makes no sense in the context of many of Plaintiff's discovery requests. Interrogatory #1, above, provides an example. This interrogatory requests the Defendant to explain the nature of the Plaintiff's business relationship with the Defendant. This request is descriptive in nature. It is hard to fathom how a description of a relationship would necessarily require the advice of one's attorney. It is even harder to fathom that providing such a description would require turning over notes, memoranda, thoughts, impressions, statements, or any other material created by an attorney in anticipation of litigation that would justify invoking the work-product doctrine. Defendant's objections that are based on the attorney-client privilege and attorney work-product doctrine as applied to each of the remaining requests that follow below apply similarly.

Furthermore, for the few objections that may justify invoking attorney-client privilege or

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

- 7 -

attorney work-product doctrine, Defendants must provide a description of the document sufficient to enable Plaintiff to assess the applicability of the privilege or protection.  Fed. R. Civ. Proc. § 26(b)(5)(a).  To issue blanket, boilerplate objections is not sufficient for a responding party to meet its burden of responding to discovery requests.  *See, e.g., Burlington Northern & Santa Fe R.R. Co. v. U.S. Dist. Court for Dist. Of Montana*, 408 F.3d 1142, 1148 (9th Cir. 2005).  Here, Defendants have provided exactly what the courts prohibit: boilerplate objections without any means for Plaintiff to determine whether the assertion of attorney-client privilege or attorney-work product doctrine would properly apply.  Because Defendants have not provided timely and specific responses to Plaintiff's requests, Defendants have waived any objection based upon privilege.  *See, e.g., Nguyen v. Excel Corp*, 197 F.3d 200, 208 (5th Cir. 1999).

### iii.   Defendants Erroneously and Evasively Object that Plaintiff's Requests are "Overbroad, Unduly Burdensome, Oppressive, and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence."

Defendant's objection asserting that the Plaintiff's request is "overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence" is also improper.  For example, #23 of Plaintiff's Request for Documents to HM777, seeks documents contained in Plaintiff's personnel file that Defendants are required to provide by statute (e.g., Labor Code sections 1198.5 and 432), could be construed as overly broad or unduly burdensome.  The same is true of Defendant's objection to Plaintiff's Request for Documents, Nos. 73-80, to HM777 and to Plaintiff's Request for Documents, Nos. 73-80, to Jeff Holland.  These are only samples of Defendant's inappropriate applications of this boilerplate objection.  Many other examples of Defendants' improper objections can be found in Defendants' improper responses to Plaintiff's requests.

### iv.   Defendants' Objections on the Basis of Privacy are Misplaced.

As to Defendant's objections on the basis of privacy concerns, Defendant does not state how, for example, HM777's articles of incorporation would involve a breach of privacy.  Nor does Defendant avail itself to the simple solution of redacting any information that would invite a breach of privacy.  Furthermore, to object to a request to identify people or writings that support a particular

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

response to an interrogatory (e.g., Special Interrogatory Nos. 2 and 3) is nonsensical.  If the Defendant was sincerely concerned with privacy breaches, it could have simply explained, for those requests that such an objection might reasonably apply, what the basis was for the concern.  Instead, Defendant opted to label all of Plaintiff's discovery requests as seeking private information, leaving Plaintiff to guess what the particular privacy concern might be.

### v. Plaintiff Incorporates the Foregoing Reply to Each of Defendant's Remaining Objections, Pursuant to Local Rule 251 (c)

Local Rule 251 (c) provides in relevant part: "When an objection is raised to a number of items . . . the arguments and briefing need not be repeated."  Defendant has provided the same boilerplate response to each of Plaintiff's discovery requests and special interrogatories to Defendants.  Therefore, Plaintiff incorporates by reference the above reply (Plaintiff's Reply to Defendants' Objection to Interrogatory #1 to HM777) to each of Defendants' remaining objections to Plaintiff's Special Interrogatories Set One to HM777, Inc.  Plaintiff also incorporates by reference the same reply to Defendants' Objections to each of Plaintiff's Request for Production of Documents Set One to HM777, Inc. and Defendants' Objections to Plaintiff's Request for Production of Documents Set One to Mr. Holland.

### C. Plaintiff Requests that this Court Compel Defendants to Provide Amended Supplemental Responses to  Each of His Discovery Requests and Interrogatories

Defendants must be compelled to cure their defective responses to Plaintiff's discovery requests and to provide the respondent documents.  See, e.g., *Jones v. Cooper*, No. 106CV00665LJOSKOPC, 2010 WL 2816323, at *4 (E.D. Cal. July 16, 2010).  Should Defendants fail to provide proper responses, sanctions are appropriate, including attorney's fees and costs necessary to resolve the discovery dispute.  *Id.*

### Defendants' Response:

Defendants' have agreed to provide amended responses by Friday, January 29, 2016 to cure any deficiencies within the discovery responses.

//

//

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

## VII.   PLAINTIFF'S REMAINING DISCOVERY REQUESTS

Pursuant to Local Rule 251 (c), which requires that "[e]ach specific interrogatory, deposition question or other item objected to . . . shall be reproduced in full. Accordingly, the remaining Special Interrogatories propounded upon HM777 follow immediately below, followed by Plaintiff's Request for Production of Documents to HM777 and Holland.

### A. Plaintiff's Remaining Special Interrogatories to HM777

**Interrogatory 2.**     Identify all persons with information in support of your response to interrogatory no. 1.

**Interrogatory 3.**     Identify all writings and ESI in support of your response to interrogatory no. 1.

**Interrogatory 4.**     Identify all writings or ESI that refer, relate to, or consist of any written or verbal contract or agreement between plaintiff and any defendant.

**Interrogatory 5.**     Describe in detail any agreement(s) between plaintiff and any defendant that is not in writing, including all provisions of the agreement, the person(s) who made the agreement, and the date the agreement was made.

**Interrogatory 6.**     State all facts in support of any contention that plaintiff was not your employee at any time during the period from January 2, 2011 through May 3, 2013.

**Interrogatory 7.**     Identify all persons with information in support of your response to interrogatory no. 6.

**Interrogatory 8.**     Identify all writings and ESI in support of your response to interrogatory no. 6.

**Interrogatory 9.**     State all facts in support of any contention that plaintiff was your independent contractor at any time during the period from January 2, 2011 through May 3, 2013.

**Interrogatory 10.**     Identify all persons with information in support of your response to interrogatory no. 9.

**Interrogatory 11.**     Identify all writings and ESI in support of your response to

- 10 -

interrogatory no. 9.

**Interrogatory 12.**     State all facts in support of any contention that a partnership agreement ever existed between plaintiff and any defendant.

**Interrogatory 13.**     Identify all persons with information in support of your response to interrogatory no. 12.

**Interrogatory 14.**     Identify all writings and ESI in support of your response to interrogatory no. 12.

**Interrogatory 15.**     Identify all persons who were party to any partnership agreement that included plaintiff and any defendant.

**Interrogatory 16.**     Identify all persons who were party to any partnership agreement with any defendant at any time from January 2, 2011 through May 3, 2013.

**Interrogatory 17.**     State the date and amount of every partnership distribution that was paid to plaintiff by or in behalf of any defendant.

**Interrogatory 18.**     For each distribution identified in response to Interrogatory No. 17, describe in detail the methodology used for calculating the amount of the distribution.

**Interrogatory 19.**     State the amount of compensation paid to plaintiff in exchange for plaintiff's partnership or equity interest in any defendant.

**Interrogatory 20.**     Describe in detail how the amount in reference to interrogatory no. 19 was calculated.

**Interrogatory 21.**     State all facts in support of any contention that defendants did not fail to properly compensate plaintiff for work he performed in defendants' behalf.

**Interrogatory 22.**     Identify all persons with information in support of your response to interrogatory no. 21.

**Interrogatory 23.**     Identify all writings and ESI in support of your response to interrogatory no. 21.

**Interrogatory 24.**     State all facts in support of any contention that defendants compensated plaintiff for his travel time and/or travel expenses he incurred in relation to work he performed in defendants' behalf.

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

- 11 -

**Interrogatory 25.**     Identify all employees, independent contractors, partners, and/or any other persons who performed work in behalf of any defendant during the period from January 2, 2011 to the present.

**Interrogatory 26.**     Identify the total hours plaintiff performed work in behalf of any defendant for each day that he worked during the period from January 2, 2011 through May 3, 2013.

**Interrogatory 27.**     Identify all persons with information in support of your response to interrogatory no. 26.

**Interrogatory 28.**     Identify all writings and ESI in support of your response to interrogatory no. 26.

**Interrogatory 29.**     State all facts in support of any contention that plaintiff breached any contract or agreement with any defendant, or breached any duty to any defendant.

**B.  Plaintiff's Request for Production of Documents to HM777**

**Request 1.**     Any partnership agreement between plaintiff and any defendant.

**Request 2.**     Any and all writings or ESI that refer or relate to any partnership agreement between plaintiff and any defendant.

**Request 3.**     Any and all writings or ESI that support any contention that a partnership agreement ever existed between plaintiff and any defendant.

**Request 4.**     All writings or ESI that relate to or consist of any modification to any partnership agreement between plaintiff and any defendant.

**Request 5.**     All writings or ESI that relate to or consist of any termination of any partnership agreement between plaintiff and any defendant.

**Request 6.**     All partnership agreements between you and any person that were in effect at any time in the period from January 2, 2011 through May 3, 2013.

**Request 7.**     All agreements with any other party to the partnership between plaintiff and any defendant.

**Request 8.**     All writings or ESI that show the names, addresses, and/or phone numbers of any person(s) who were parties to the partnership with plaintiff.

**Request 9.**     All records of any partnership distributions paid to plaintiff, including but not

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

limited to check copies, financial reports, or tax documentation.

**Request 10.**   All writings or ESI that support any contention that any partnership distributions were paid to plaintiff by any defendant, or anyone acting on behalf of any defendant.

**Request 11.**   Any and all writings or ESI that relate to or consist of any payment made to plaintiff, pursuant to any partnership agreement with plaintiff.

**Request 12.**   All Schedule K-1 forms provided to plaintiff by any defendant, or anyone acting on behalf of any defendant.

**Request 13.**   All agreements or contracts between plaintiff and any defendant.

**Request 14.**   All writings or ESI that relate to any agreements between plaintiff and any defendant, whether the agreements are verbal or written, express or implied.

**Request 15.**   All writings or ESI that were signed by plaintiff.

**Request 16.**   All federal income tax returns of the partnership between plaintiff and any defendant, including all supporting schedules, forms, and documents filed with it, for tax year 2011, 2012, or 2013.

**Request 17.**   All state income tax returns of the partnership between plaintiff and any defendant, including all supporting schedules, forms, and documents filed with it, for tax year 2011, 2012, or 2013.

**Request 18.**   All of your federal income tax returns, including all supporting schedules, forms, and documents filed with it, for tax year 2011, 2012, or 2013.

**Request 19.**   All of your state income tax returns, including all supporting schedules, forms, and documents filed with it, for tax year 2011, 2012, or 2013.

**Request 20.**   All financial statements, including balance sheet, profit-and-loss, and cash flow reports of the partnership between plaintiff and any defendant.

**Request 21.**   All reports, statements, or other writings or ESI showing assets, liabilities and/or equity, for the partnership between plaintiff and any defendant.

**Request 22.**   All reports, statements, or other writings or ESI showing revenues, expenses and/or profits, for the partnership between plaintiff and any defendant.

**Request 23.**   The complete personnel file of plaintiff, including the physical writing file, and

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

- 13 -

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

any personnel files stored as ESI.

**Request 24.**   The complete contents of any physical file folders or ESI folders relating to plaintiff that you maintained at any time.

**Request 25.**   All job descriptions, job postings, or advertisements that show the state the duties, responsibilities, and/or nature of any work function performed by plaintiff in behalf of any defendant.

**Request 26.**   All writings or ESI that refer or relate to the duties, responsibilities, and/or nature of any work function performed by plaintiff in behalf of any defendant.

**Request 27.**   All writings or ESI that refer or relate to any changes to plaintiff's work duties or responsibilities, or the reasons for any such changes.

**Request 28.**   All writings or ESI that relate to any contention that plaintiff was not employed by any defendant in this action.

**Request 29.**   All writings or ESI that relate to any contention that plaintiff was an independent contractor of any defendant in this action.

**Request 30.**   All contracts, agreements, or other writings or ESI that memorialize any independent contractor relationship between plaintiff and any defendant.

**Request 31.**   All employee handbooks that were applicable at any time during the period from January 2, 2011 through May 3, 2013.

**Request 32.**   All writings or ESI which relate to any warning, write-up, coaching, performance counseling, or discipline against plaintiff.

**Request 33.**   All writings or ESI relating in any way to any work performance of plaintiff that you contend was substandard, inadequate, incomplete or unsatisfactory.

**Request 34.**   All writings or ESI relating in any way to any conduct of plaintiff that you contend was wanton, inappropriate, unbecoming, or unprofessional.

**Request 35.**   All writings or ESI relating to plaintiff that you obtained from any and all non-parties to this action.

**Request 36.**   Statements of any and all witnesses relating to any of the allegations contained in plaintiff's Complaint for Damages.

**Request 37.**     All policies of insurance through which any defendant is or might be insured in any manner for the damages, claims, or actions that have arisen out of this action, including all policies for which an insurance company has reserved the right to dispute coverage in this matter.

**Request 38.**     Any and all writings or ESI that support, relate to, or which are identified by you in response to any of the Interrogatories simultaneously served herewith.

**Request 39.**     Any and all audio and/or video recordings, in any physical or electronic storage medium, that are related in any manner to plaintiff, any of the allegations in plaintiff's Complaint for Damages, or any of your defenses in this action.

**Request 40.**     All writings or ESI referring or relating to any telephone conversation or meeting between plaintiff and you, your managers, employees or agents, in regard to any of plaintiff's allegations or your defenses in this case, including but not limited to any notes, memos, internal correspondence, or email that refer or relate to any such conversation or meeting.

**Request 41.**     All phone lists, contact lists, or any other writings or ESI that show the names and/or last-known addresses and/or phone numbers of any defendant's employees, independent contractors, partners, and/or any other persons who performed work in behalf of any defendant during the period from January 2, 2011 through May 3, 2013.

**Request 42.**     All writings or ESI in support of any Affirmative Defense raised in defendant's Answer to plaintiff's Complaint for Damages.

**Request 43.**     All writings or ESI in support of any contention that plaintiff breached any contract with any defendant.

**Request 44.**     All writings or ESI in support of any contention that plaintiff breached any duty he held in regard to any defendant.

**Request 45.**     All writings or ESI with keyword search terms "Anthony" or "Moser", and which were created by; modified by; or sent to, from, or cc: to Jeff Holland from July 1, 2010 to the present, except those that are subject to attorney-client privilege.

**Request 46.**     All writings or ESI with keyword search terms "Anthony" or "Moser", and which were created by; modified by; or sent to, from, or cc: to any of your officers, employees, or agents from July 1, 2010 to the present, except those that are subject to attorney-client privilege.

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Request 47.**     All non-privileged communications between you and any witness or potential witness in this action, relating to the allegations raised in plaintiff's lawsuit, including that plaintiff was an employee of defendants, or that defendants failed to pay plaintiff all compensation due to him.

**Request 48.**     All communications between any of your officers, employees, or agents, concerning the allegations raised in plaintiff's lawsuit, including that plaintiff was an employee of defendants, or that defendants failed to pay plaintiff all compensation due to him.

**Request 49.**     All communications between you and any employee or former employee concerning the allegations raised in plaintiff's lawsuit, including that plaintiff was an employee of defendants, or that defendants failed to pay plaintiff all compensation due to him.

**Request 50.**     All non-privileged communications of any kind between you and any other person or entity concerning the allegations raised in plaintiff's lawsuit, including that plaintiff was an employee of defendants, or that defendants failed to pay plaintiff all compensation due to him.

**Request 51.**     All writings or ESI relating to any complaints or objections made by plaintiff to YOU, your agents, representatives, or employees, in regard to any defendant's failure to pay plaintiff all compensation due to him.

**Request 52.**     All writings or ESI relating to any complaints or objections made by any person to YOU, your agents, representatives, or employees, in regard to unpaid compensation.

**Request 53.**     All writings or ESI that refer or relate to any lawsuit or administrative claim related to unpaid wages or other compensation that was brought against any defendant in the past ten years.

**Request 54.**     All writings or ESI that refer or relate to the complaint with the California Department of Labor brought by Thomas Helm.

**Request 55.**     All writings or ESI that refer, relate to or consist of any work schedule of days and hours assigned to plaintiff during his employment with you.

**Request 56.**     All time cards, time sheets, attendance sheets, logs, or any writings or ESI relating to the days and/or number of hours worked by plaintiff.

**Request 57.**     All writings or ESI that relate to any project that plaintiff worked on in behalf of any defendant.

- 16 -

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Request 58.**   All writings or ESI that were sent to customers in relation to any project that plaintiff worked on in behalf of any defendant.

**Request 59.**   All invoices, bills, and/or statements that were sent to customers in relation to any project that plaintiff worked on in behalf of any defendant.

**Request 60.**   All invoices, bills, accounts receivable reports, or any other writings or ESI that include any work performed by plaintiff.

**Request 61.**   All writings or ESI that show the names and addresses of customers for whom plaintiff performed work, in behalf of any defendant.

**Request 62.**   All writings or ESI that show the addresses of any or all locations at which plaintiff worked in behalf of any defendant.

**Request 63.**   All time cards, time sheets, attendance sheets, logs, or any writings or ESI relating to the days and/or number of hours worked by Adam Niedwiedz from January 2, 2011 to the present.

**Request 64.**   All time cards, time sheets, attendance sheets, logs, or any writings or ESI relating to the days and/or number of hours worked by Dylan Dobson from January 2, 2011 to the present.

**Request 65.**   All time cards, time sheets, attendance sheets, logs, or any writings or ESI relating to the days and/or number of hours worked by Thomas Helm from January 2, 2011 to the present.

**Request 66.**   All time cards, time sheets, attendance sheets, logs, or any writings or ESI relating to the days and/or number of hours worked by any person in behalf of any defendant during the period from January 2, 2011 to the present.

**Request 67.**   Any and all writings or ESI that refer, relate to or consist of your  policies, procedures, customs, or calculating methods of paying your employees for hours worked over forty (40) hours per week or eight (8) hours per day.

**Request 68.**   Any and all writings or ESI that refer, relate to or consist of your policies, procedures, customs, or calculating methods of paying independent contractors, applicable at any time from January 2, 2011 to the present.

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Request 69.**    Any and all writings or ESI that refer, relate to or consist of your policies, procedures, customs, or calculating methods of paying any person performing work in any defendant's behalf, applicable at any time from January 2, 2011 to the present.

**Request 70.**    Any and all writings or ESI that refer, relate to or consist of any payments made to plaintiff for work performed in behalf of any defendant, including but not limited to check copies, pay stubs, payroll reports, forms W-2 or other tax documentation.

**Request 71.**    All writings or ESI that relate to any contention that plaintiff was compensated for his travel time and/or travel expenses by any defendant.

**Request 72.**    All writings or ESI That relate to or consist of your policies or procedures for compensating employees, independent contractors, partners, or any other persons performing work in behalf of any defendant, for their travel time or travel expenses.

**Request 73.**    Any and all business licenses held by you.

**Request 74.**    All writings relating to the initial corporate formation of Defendant HM777, Inc.

**Request 75.**    All writings relating to the initial capitalization of Defendant HM777, Inc.

**Request 76.**    All writings relating to the current capitalization of Defendant HM777, Inc.

**Request 77.**    All writings relating to the articles of incorporation of Defendant HM777, Inc.

**Request 78.**

**Request 79.**    All writings relating to the corporate bylaws of Defendant HM777, Inc.

**Request 80.**    All corporate minutes of Defendant HM777, Inc. from January 1, 2011 to the present.

**Request 81.**    All corporate minutes of Defendant HM777, Inc. from January 1, 2011 to the present, which refer or relate to plaintiff.

**Request 82.**    All corporate minutes of Defendant HM777, Inc. from January 1, 2011 to the present, which refer or relate to Defendant HM777, Inc.'s practices, policies or procedures for paying any person performing work on any defendant's behalf.

**Request 83.**    All writings relating to the issuance, sale, purchase or transfer of any of Defendant HM777, Inc.'s stock from January 1, 2011 to the present.

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Request 84.**    All writings relating to the sale, purchase, or transfer of any real property by or to Defendant HM777, Inc. from January 1, 2011 to the present.

**Request 85.**    All writings relating to the sale, purchase, or transfer of any assets by or to Defendant HM777, Inc. from January 1, 2011 to the present.

**Request 86.**    All writings relating to any and all loans made to or by Defendant HM777, Inc. from January 1, 2011 to the present.

**Request 87.**    All writings relating to any and all investments by or in Defendant HM777, Inc. from January 1, 2011 to the present.

**C.  Plaintiff's Request for Production of Documents to Jeff Holland**

**Request 1.**    Any partnership agreement between plaintiff and any defendant.

**Request 2.**    Any and all writings or ESI that refer or relate to any partnership agreement between plaintiff and any defendant.

**Request 3.**    Any and all writings or ESI that support any contention that a partnership agreement ever existed between plaintiff and any defendant.

**Request 4.**    All writings or ESI that relate to or consist of any modification to any partnership agreement between plaintiff and any defendant.

**Request 5.**    All writings or ESI that relate to or consist of any termination of any partnership agreement between plaintiff and any defendant.

**Request 6.**    All partnership agreements between you and any person that were in effect at any time in the period from January 2, 2011 through May 3, 2013.

**Request 7.**    All agreements with any other party to the partnership between plaintiff and any defendant.

**Request 8.**    All writings or ESI that show the names, addresses, and/or phone numbers of any person(s) who were parties to the partnership with plaintiff.

**Request 9.**    All records of any partnership distributions paid to plaintiff, including but not limited to check copies, financial reports, or tax documentation.

**Request 10.**    All writings or ESI that support any contention that any partnership distributions were paid to plaintiff by any defendant, or anyone acting on behalf of any defendant.

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Request 11.**    Any and all writings or ESI that relate to or consist of any payment made to plaintiff, pursuant to any partnership agreement with plaintiff.

**Request 12.**    All Schedule K-1 forms provided to plaintiff by any defendant, or anyone acting on behalf of any defendant.

**Request 13.**    All agreements or contracts between plaintiff and any defendant.

**Request 14.**    All writings or ESI that relate to any agreements between plaintiff and any defendant, whether the agreements are verbal or written, express or implied.

**Request 15.**    All writings or ESI that were signed by plaintiff.

**Request 16.**    All federal income tax returns of the partnership between plaintiff and any defendant, including all supporting schedules, forms, and documents filed with it, for tax year 2011, 2012, or 2013.

**Request 17.**    All state income tax returns of the partnership between plaintiff and any defendant, including all supporting schedules, forms, and documents filed with it, for tax year 2011, 2012, or 2013.

**Request 18.**    All of your federal income tax returns, including all supporting schedules, forms, and documents filed with it, for tax year 2011, 2012, or 2013.

**Request 19.**    All of your state income tax returns, including all supporting schedules, forms, and documents filed with it, for tax year 2011, 2012, or 2013.

**Request 20.**    All financial statements, including balance sheet, profit-and-loss, and cash flow reports of the partnership between plaintiff and any defendant.

**Request 21.**    All reports, statements, or other writings or ESI showing assets, liabilities and/or equity, for the partnership between plaintiff and any defendant.

**Request 22.**    All reports, statements, or other writings or ESI showing revenues, expenses and/or profits, for the partnership between plaintiff and any defendant.

**Request 23.**    The complete personnel file of plaintiff, including the physical writing file, and any personnel files stored as ESI.

**Request 24.**    The complete contents of any physical file folders or ESI folders relating to plaintiff that you maintained at any time.

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Request 25.**   All job descriptions, job postings, or advertisements that show the state the duties, responsibilities, and/or nature of any work function performed by plaintiff in behalf of any defendant.

**Request 26.**   All writings or ESI that refer or relate to the duties, responsibilities, and/or nature of any work function performed by plaintiff in behalf of any defendant.

**Request 27.**   All writings or ESI that refer or relate to any changes to plaintiff's work duties or responsibilities, or the reasons for any such changes.

**Request 28.**   All writings or ESI that relate to any contention that plaintiff was not employed by any defendant in this action.

**Request 29.**   All writings or ESI that relate to any contention that plaintiff was an independent contractor of any defendant in this action.

**Request 30.**   All contracts, agreements, or other writings or ESI that memorialize any independent contractor relationship between plaintiff and any defendant.

**Request 31.**   All employee handbooks that were applicable at any time during the period from January 2, 2011 through May 3, 2013.

**Request 32.**   All writings or ESI which relate to any warning, write-up, coaching, performance counseling, or discipline against plaintiff.

**Request 33.**   All writings or ESI relating in any way to any work performance of plaintiff that you contend was substandard, inadequate, incomplete or unsatisfactory.

**Request 34.**   All writings or ESI relating in any way to any conduct of plaintiff that you contend was wanton, inappropriate, unbecoming, or unprofessional.

**Request 35.**   All writings or ESI relating to plaintiff that you obtained from any and all non-parties to this action.

**Request 36.**   Statements of any and all witnesses relating to any of the allegations contained in plaintiff's Complaint for Damages.

**Request 37.**   All policies of insurance through which any defendant is or might be insured in any manner for the damages, claims, or actions that have arisen out of this action, including all policies for which an insurance company has reserved the right to dispute coverage in this matter.

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Request 38.**    Any and all writings or ESI that support, relate to, or which are identified by you in response to any of the Interrogatories simultaneously served herewith.

**Request 39.**    Any and all audio and/or video recordings, in any physical or electronic storage medium, that are related in any manner to plaintiff, any of the allegations in plaintiff's Complaint for Damages, or any of your defenses in this action.

**Request 40.**    All writings or ESI referring or relating to any telephone conversation or meeting between plaintiff and you, your managers, employees or agents, in regard to any of plaintiff's allegations or your defenses in this case, including but not limited to any notes, memos, internal correspondence, or email that refer or relate to any such conversation or meeting.

**Request 41.**    All phone lists, contact lists, or any other writings or ESI that show the names and/or last-known addresses and/or phone numbers of any defendant's employees, independent contractors, partners, and/or any other persons who performed work in behalf of any defendant during the period from January 2, 2011 through May 3, 2013.

**Request 42.**    All writings or ESI in support of any Affirmative Defense raised in defendant's Answer to plaintiff's Complaint for Damages.

**Request 43.**    All writings or ESI in support of any contention that plaintiff breached any contract with any defendant.

**Request 44.**    All writings or ESI in support of any contention that plaintiff breached any duty he held in regard to any defendant.

**Request 45.**    All writings or ESI with keyword search terms "Anthony" or "Moser", and which were created by; modified by; or sent to, from, or cc: to Jeff Holland from July 1, 2010 to the present, except those that are subject to attorney-client privilege.

**Request 46.**    All writings or ESI with keyword search terms "Anthony" or "Moser", and which were created by; modified by; or sent to, from, or cc: to any of your officers, employees, or agents from July 1, 2010 to the present, except those that are subject to attorney-client privilege.

**Request 47.**    All non-privileged communications between you and any witness or potential witness in this action, relating to the allegations raised in plaintiff's lawsuit, including that plaintiff was an employee of defendants, or that defendants failed to pay plaintiff all compensation due to him.

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Request 48.**     All communications between any of your officers, employees, or agents, concerning the allegations raised in plaintiff's lawsuit, including that plaintiff was an employee of defendants, or that defendants failed to pay plaintiff all compensation due to him.

**Request 49.**     All communications between you and any employee or former employee concerning the allegations raised in plaintiff's lawsuit, including that plaintiff was an employee of defendants, or that defendants failed to pay plaintiff all compensation due to him.

**Request 50.**     All non-privileged communications of any kind between you and any other person or entity concerning the allegations raised in plaintiff's lawsuit, including that plaintiff was an employee of defendants, or that defendants failed to pay plaintiff all compensation due to him.

**Request 51.**     All writings or ESI relating to any complaints or objections made by plaintiff to YOU, your agents, representatives, or employees, in regard to any defendant's failure to pay plaintiff all compensation due to him.

**Request 52.**     All writings or ESI relating to any complaints or objections made by any person to YOU, your agents, representatives, or employees, in regard to unpaid compensation.

**Request 53.**     All writings or ESI that refer or relate to any lawsuit or administrative claim related to unpaid wages or other compensation that was brought against any defendant in the past ten years.

**Request 54.**     All writings or ESI that refer or relate to the complaint with the California Department of Labor brought by Thomas Helm.

**Request 55.**     All writings or ESI that refer, relate to or consist of any work schedule of days and hours assigned to plaintiff during his employment with you.

**Request 56.**     All time cards, time sheets, attendance sheets, logs, or any writings or ESI relating to the days and/or number of hours worked by plaintiff.

**Request 57.**     All writings or ESI that relate to any project that plaintiff worked on in behalf of any defendant.

**Request 58.**     All writings or ESI that were sent to customers in relation to any project that plaintiff worked on in behalf of any defendant.

**Request 59.**     All invoices, bills, and/or statements that were sent to customers in relation to

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1   any project that plaintiff worked on in behalf of any defendant.

2   **Request 60.**   All invoices, bills, accounts receivable reports, or any other writings or ESI

3   that include any work performed by plaintiff.

4   **Request 61.**   All writings or ESI that show the names and addresses of customers for whom

5   plaintiff performed work, in behalf of any defendant.

6   **Request 62.**   All writings or ESI that show the addresses of any or all locations at which

7   plaintiff worked in behalf of any defendant.

8   **Request 63.**   All time cards, time sheets, attendance sheets, logs, or any writings or ESI

9   relating to the days and/or number of hours worked by Adam Niedwiedz from January 2, 2011 to the

10  present.

11  **Request 64.**   All time cards, time sheets, attendance sheets, logs, or any writings or ESI

12  relating to the days and/or number of hours worked by Dylan Dobson from January 2, 2011 to the

13  present.

14  **Request 65.**   All time cards, time sheets, attendance sheets, logs, or any writings or ESI

15  relating to the days and/or number of hours worked by Thomas Helm from January 2, 2011 to the

16  present.

17  **Request 66.**   All time cards, time sheets, attendance sheets, logs, or any writings or ESI

18  relating to the days and/or number of hours worked by any person in behalf of any defendant during

19  the period from January 2, 2011 to the present.

20  **Request 67.**   Any and all writings or ESI that refer, relate to or consist of your  policies,

21  procedures, customs, or calculating methods of paying your employees for hours worked over forty

22  (40) hours per week or eight (8) hours per day.

23  **Request 68.**   Any and all writings or ESI that refer, relate to or consist of your policies,

24  procedures, customs, or calculating methods of paying independent contractors, applicable at any

25  time from January 2, 2011 to the present.

26  **Request 69.**   Any and all writings or ESI that refer, relate to or consist of your policies,

27  procedures, customs, or calculating methods of paying any person performing work in any

28  defendant's behalf, applicable at any time from January 2, 2011 to the present.

- 24 -

**Request 70.**    Any and all writings or ESI that refer, relate to or consist of any payments made to plaintiff for work performed in behalf of any defendant, including but not limited to check copies, pay stubs, payroll reports, forms W-2 or other tax documentation.

**Request 71.**    All writings or ESI that relate to any contention that plaintiff was compensated for his travel time and/or travel expenses by any defendant.

**Request 72.**    All writings or ESI That relate to or consist of your policies or procedures for compensating employees, independent contractors, partners, or any other persons performing work in behalf of any defendant, for their travel time or travel expenses.

**Request 73.**    Any and all business licenses held by you.

**Request 74.**    All writings relating to the initial corporate formation of Defendant HM777, Inc.

**Request 75.**    All writings relating to the initial capitalization of Defendant HM777, Inc.

**Request 76.**    All writings relating to the current capitalization of Defendant HM777, Inc.

**Request 77.**    All writings relating to the articles of incorporation of Defendant HM777, Inc.

**Request 78.**

**Request 79.**    All writings relating to the corporate bylaws of Defendant HM777, Inc.

**Request 80.**    All corporate minutes of Defendant HM777, Inc. from January 1, 2011 to the present.

**Request 81.**    All corporate minutes of Defendant HM777, Inc. from January 1, 2011 to the present, which refer or relate to plaintiff.

**Request 82.**    All corporate minutes of Defendant HM777, Inc. from January 1, 2011 to the present, which refer or relate to Defendant HM777, Inc.'s practices, policies or procedures for paying any person performing work on any defendant's behalf.

**Request 83.**    All writings relating to the issuance, sale, purchase or transfer of any of Defendant HM777, Inc.'s stock from January 1, 2011 to the present.

**Request 84.**    All writings relating to the sale, purchase, or transfer of any real property by or to Defendant HM777, Inc. from January 1, 2011 to the present.

**Request 85.**    All writings relating to the sale, purchase, or transfer of any assets by or to

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

Defendant HM777, Inc. from January 1, 2011 to the present.

**Request 86.**    All writings relating to any and all loans made to or by Defendant HM777, Inc. from January 1, 2011 to the present.

**Request 87.**    All writings relating to any and all investments by or in Defendant HM777, Inc. from January 1, 2011 to the present

**Defendants' Response:**

Defendants' have agreed to provide amended responses to cure any deficiencies by Friday, January 29, 2016.

## VIII.    PLAINTIFF'S REQUEST FOR SANCTIONS

As this Court has found in prior disputes analogous to the dispute at issue here, sanctions are proper against Defendants, pursuant to Fed. R. Civ. P. 37.  This Court has explained: "Under Federal Rule of Civil Procedure 37(c)(1)(A), the Court is authorized to order an award of attorneys fees and costs caused by the conduct of errant parties."  *Dolarian Capital, Inc. v. SOC, LLC*, No. 1: 11-CV-0031-LJO, 2012 WL 4026818, at *3 (E.D. Cal. Sept. 12, 2012).  As would be proper under the facts here, this Court awarded sanctions to an errant party who had provided only boilerplate discovery responses to the moving party's discovery requests.  Sanctions are more justified in the context of the facts underlying the present motion because, in addition to Defendants' boilerplate discovery responses, defendant Holland refused to attend his noticed deposition, notwithstanding his most recent promise to comply with his obligation to attend on February 15, 2016.

Defendants have forestalled and delayed the discovery at issue in this motion.  In fact, Defendants' counsel did not provide any response or offer to resolve the outstanding discovery disputes that necessitated this document until January 26, 2016 - the morning before this motion and the accompanying papers were due to be filed with this Court.  Whatever the underlying issues may be that continue to prevent Defendants from offering proper responses, it is clear that absent this Court's order compelling Defendants to comply with their obligations, Plaintiff would be left to rely upon a substantially incomplete universe of discovery responses to litigate his claims.  This final

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1 point is underscored by Defendants' continuing failure to provide discovery responses,

2 notwithstanding its most recent promise.

3       Accordingly, Plaintiff requests attorney's fees and costs for preparing this motion in the

4 amount of $1998.00, which accounts for the over 7.4 hours of time that Plaintiff's counsel spent

5 preparing this motion, but does not include the time spent preparing for defendant Holland's

6 deposition or the multiple meet and confer efforts described above.

7 **Defendants' Response:**

8       Sanction are not warranted.   Defendants have agreed to provide full and complete responses

9 to the discovery requests. Plaintiff's counsel has agreed that if the "responses are sufficient,

10 [Plaintiff] will take this matter …the hearing off calendar." In addition, Defendant Jeff Holland's

11 deposition did not go forward simply because Defense counsel could not confirm his attendance in

12 advance of the deposition and did not want Plaintiff or his counsel to incur costs which may not have

13 been necessary. The parties have agreed to complete Mr. Holland's deposition on February 15, 2016

14 at 10:00 a.m.  (See Declaration of Robin K. Perkins.)

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

MCCORMACK AND ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**IX.   PLAINTIFF'S CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion to compel the deposition of Mr. Holland.  Further, Plaintiff requests that this Court find Defendants' boilerplate objections to constitute a complete failure to respond to Plaintiff's discovery. Plaintiff therefore respectfully requests that this Court order Defendants to provide supplemental responses to each of Plaintiff's discovery requests.  Finally, Plaintiff respectfully requests that this Court award Plaintiff's reasonable attorney's fees and costs in the amount of $1998.00 for bringing this motion, as well as other sanctions it deems appropriate.

Date:   January 27, 2016

MCCORMACK AND ERLICH, LLP

/s/ *Paul K. Pfeilschiefter*
By:     Paul K. Pfeilschiefter, Esq.
        Bryan J. McCormack, Esq.
        Attorneys for Plaintiff Anthony Moser

PERKINS & ASSOCIATES, LLP

/s/ *Robin K. Perkins*
By:     Robin K. Perkins, Esq.
        Attorney for Defendant Jeff Holland