1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY MOSER,                          No.  2:14-cv-02188-KJM-AC

12              Plaintiff,

13        v.                                  ORDER

14   JEFF HOLLAND, et al.,

15              Defendants.

16

17          On February 3, 2016, the court held a hearing on plaintiff Anthony Moser's motion to

18   compel.  Paul K. Pfeilschiefter appeared via telephone on behalf of plaintiff and Robin K. Perkins

19   appeared on behalf of defendants Jeff Holland and HM777, Inc.  On review of the motions, the

20   documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel,

21   and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

22                              RELEVANT BACKGROUND

23   I.     Factual Allegations

24          Plaintiff's action seeks recovery for defendants' alleged failure to pay overtime and

25   minimum wages in violation of the Fair Labor Standards Act ("FLSA") and the California Labor

26   Code ("Labor Code"); failure to furnish wages statements, in violation of the Labor Code; waiting

27   time penalties as provided by statute; and penalties for violations of California Business &

28   Professions Code §§ 17200, et seq.  ECF No. 1.

                                             1

1   Plaintiff alleges that defendants hired plaintiff as a plumbing foreman on January 2, 2011.

2   Id. at 4.  Defendants, however, did not pay plaintiff any wages for the first year of his

3   employment.  Id.  Apparently, throughout plaintiff's employment Holland told him that he was a

4   partner of Holland Fire and Plumbing, and that was why he was not receiving any wages.  Id.  In

5   February of 2012, Holland formed HM777 and began to pay plaintiff an intermittent and sporadic

6   wage of $500, regardless of the number of hours he worked.  Id.  This wage was increased to

7   $1000 on or around November 18, 2012, again provided sporadically and for the same amount

8   regardless of the number of hours worked.  Id.  Plaintiff alleges that during this time defendants

9   "had a consistent policy of permitting, encouraging, and/or requiring plaintiff to work in excess of

10  eight hours per day and in excess of forty hours per week."  Id. at 5.  To date, plaintiff alleges that

11  he has not been paid a single dollar for any of the overtime hours that he worked or for work

12  performed during the first year of his employment.  Id.  Defendants deny plaintiff's allegations,

13  and even deny that plaintiff was an employee.  ECF No. 6 at 4.  Defendants claim that plaintiff

14  was a partner in HM777 and deny that he worked overtime.  Id.  Defendants also deny that

15  plaintiff was paid any wages whatsoever.  Id.

16  II.   Procedural and Discovery Background

17  Plaintiff filed his complaint on July 24, 2014.  ECF No. 2.  On February 9, 2015,

18  defendants filed an answer denying plaintiff's allegations.  ECF No. 6.  On March 16, 2015,

19  Judge Mueller issued a scheduling order that sets the discovery deadline for February 24, 2016.

20  ECF No. 9.  On September 29, 2015, plaintiff propounded his Requests for Production, Set One,

21  upon both defendants,[1] and Special Interrogatories, Set One, upon HM777.  ECF No. 16 at 1.  On

22  November 20, 2015, defendants responded to plaintiff's discovery requests with boilerplate

23  objections.  Id. at 1–2.  In response to each and every request for production and interrogatory,

24  defendants stated the following:

25      Objection. Responding Party objects to this request on the grounds
        that it impermissibly seeks information protected by the attorney
26      client privilege and the attorney work product doctrine. Further

27  _____

28  [1]  The Requests for Production, Set One, propounded upon both defendants are identical.  See
    ECF No. 16 at 12–26.

2

1
2
3
4

> objection is made and based on the fact that the discovery request is overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects to this request on the grounds that it seeks information protected by third party non-litigants right to privacy as well as the Responding Party's right to privacy.

5   Id. at 1; ECF No. 17 at Exhibit D (HM777's Responses to Special Interrogatories), Exhibit E

6   (HM777's Responses to Requests for Production), Exhibit F (Holland's Responses to Requests

7   for Production).

8          On December 1, 2015, plaintiff's counsel mailed defendants' counsel a meet and confer

9   letter seeking amended responses within ten days.  ECF No. 17 at 1.  Defendants' counsel

10  responded by phone, agreeing to provide amended responses by December 15, 2015.  ECF No. 16

11  at 2.  Defendants' counsel never provided said amended responses.  Id.  Instead, defendants'

12  counsel's legal secretary called plaintiff's counsel and stated counsel would contact them soon to

13  discuss the matter.  Id. at 3.  Plaintiff's counsel never received such a call.  Id.

14         On December 28, 2015, plaintiff's counsel emailed defendants' counsel, warning him that

15  a failure to provide amended responses would result in plaintiff's filing of a motion to compel.

16  Id.  Defendants' counsel replied via email the next day, stating that he had received documents

17  from his client and that he would be providing amended responses.  Id.  On December 30, 2015,

18  plaintiff's counsel contacted defendants' counsel because he had yet to receive any amended

19  responses.  Id.  Defendants' counsel stated he had yet to provide supplemental responses because

20  he was having trouble contacting his client, and produced additional documents later that day.  Id.

21  However, plaintiff argues that the additional documents do not address many of his requests for

22  production.  Id.  These documents include one week of plaintiff's time records, emails that

23  plaintiff contends are nonresponsive, and plaintiff's own settlement demand letter and damages

24  calculations.  Id.  It does not seem that defendants' documents were accompanied by any

25  supplemental responses or objections.  On December 30, 2015, plaintiff served defendants with a

26  Notice of Taking the Deposition of Jeff Holland, scheduled for January 11, 2016.  ECF No. 18 at

27  2.

28  ////

On January 4, 2016, plaintiff's counsel called defendants' counsel to discuss their allegedly insufficient document production. ECF No. 16 at 2. Defendants' counsel stated that he could not get in contact with his client, but that he would make further attempts and follow up with plaintiff's counsel. Id. Defendants' counsel, however, failed to contact plaintiff's counsel to discuss whether he was able to contact his client. Id. On January 7, 2016, plaintiff's counsel contacted defendants' counsel to ask whether Holland would be attending the scheduled January 11th deposition. ECF No. 18 at 2. The next day, defendants' counsel wrote to plaintiff's counsel, stating that he had been unable to contact Holland, who would likely not be attending the deposition. Id. On January 9, 2016, plaintiff's counsel canceled Holland's deposition. Id.

On January 11, 2016, plaintiff filed a motion to compel discovery responses and the deposition of Holland. ECF No. 13. On the same day, plaintiff filed an amended motion to compel with a scheduled hearing date of February 3, 2016. ECF No. 14. On January 26, 2016, defendants' counsel contacted plaintiff's counsel by phone to tell him that he was going to meet with Holland on January 28, 2016. ECF No. 18 at 2. Defendants' counsel also stated that he would provide further discovery responses on January 29, 2016. Id. Counsel for both sides also agreed to a new deposition date of February 15, 2016. ECF No. 16 at 6. On January 27, 2016, plaintiff filed a joint statement by all parties regarding the pending motion. ECF No. 16. On the same day, plaintiff's counsel filed two declarations in support of the motion, while defendants' counsel filed one in opposition. ECF Nos. 17–19.

## LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Generally, the scope of discovery under Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than

4

1   it would be without the evidence."  Fed. R. Evid. 401.

2           Federal Rules 33 and 34 provide that discovery requests must be responded to within 30

3   (or in some cases 45) days.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473

4   (9th Cir. 1992).  In response to a request for production of documents under Rule 34, a party is to

5   produce all relevant documents in his "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).

6   Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of his

7   responses to discovery, National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 554–

8   56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a Rule 34 production

9   request . . . 'is under an affirmative duty to seek that information reasonably available to [it] from

10  [its] employees, agents, or others subject to [its] control.'"  Gray v. Faulkner, 148 F.R.D. 220, 223

11  (N.D. Ind. 1992) (citation omitted).  Rule 33 requires that all interrogatories be answered

12  individually, fully, and under oath to the extent they are not objected to within thirty days after

13  being served.  Fed. R. Civ. P. 33(b).

14          "It is well established that a failure to object to discovery requests within the time required

15  constitutes a waiver of any objection."  Richmark Corp., 959 F.2d at 1473 (citing Davis v.

16  Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)); accord Fed. R. Civ. P. 33(b)(4).

17                                        DISCUSSION

18          The court will grant plaintiff's motion to compel because (1) defendants do not oppose it,

19  and (2) defendants' initial responses include only boilerplate objections barred by Rule 33 and 34.

20  As to the award of sanctions, the court will order defendants to pay plaintiff for the costs of

21  bringing this motion, totaling $1,998.00.

22          Defendants effectively concede that their discovery responses are inadequate by failing to

23  argue otherwise in the parties' joint statement.  Instead, defendants respond to plaintiff's motion

24  to compel by claiming that they will supplement their discovery responses on January 29, 2016.

25  ECF No. 16 at 9, 26.  At the hearing, the undersigned inquired as to these supplemental

26  responses.  While the parties did not go into detail regarding the substance of the responses,

27  plaintiff's counsel asserted they did not render plaintiff's motion moot.  In particular, plaintiff's

28  counsel pointed to defendant's history of nonparticipation in this litigation and the hopes that an

order compelling discovery responses might help garner his attention.  As plaintiff's requests appear reasonably calculated to lead to the discovery of admissible evidence, as required by Rule 26, see ECF No. 17 at Exhibit D, E, and F, and defendants have not opposed his motion, it will be granted.

It bears mentioning that even if defendants *had* opposed plaintiff's motion, it is clear that their initial responses were insufficient.  General boilerplate objections are inappropriate and unpersuasive.  See A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper— especially when a party fails to submit any evidentiary declarations supporting such objections.").  The recent amendments to Rule 34 make this particularly clear.  See Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.").  Defendants' initial responses consist solely of such boilerplate objections.  Accordingly, they are plainly insufficient.

Plaintiff requests $1,998.00 in sanctions for the costs of bringing this motion.  ECF No. 16 at 26–27.  Defendants argue that sanctions are not warranted in light of their promise to produce additional responses by January 29, 2016.  Id. at 27.  In addition, defendants note that Holland's deposition has been re-scheduled for February 15, 2016.[2]  Id.  In a declaration from defendants' counsel filed on January 27, 2016, Robin K. Perkins also argues that he has been attempting to obtain discovery responses from his client, but has been unable to do so.  ECF No. 19 (noting that he has done everything "[s]hort of withdrawing as counsel").

First, defendants did not agree to provide plaintiff with supplemental discovery until January 26, 2016, two weeks after plaintiff's motion to compel was filed.  Accordingly, defendants cannot avoid sanctions by pointing to the belated production of these documents.  The

---

[2]  Defendants' re-scheduling of Holland's deposition is irrelevant to plaintiff's request for sanctions, as plaintiff is not seeking the costs associated with showing up at a deposition.  See Fed. R. Civ. P. 30(g) ("A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition; or (2) serve a subpoena on a nonparty deponent, who consequently did not attend.").

court sympathizes with defense counsel's difficulties in communicating with Mr. Holland, but this does not excuse delaying compliance with discovery obligations until the discovery period is almost over and plaintiff has no choice but to incur the costs of filing a motion to compel. Accordingly, the court finds that defendants' failure to respond was not substantially justified and circumstances do not make an award of expenses unjust.  See Fed. R. Civ. P. 37(d).  The court will award sanctions for the costs of bringing this motion, totaling $1,998.00.

CONCLUSION

Based on the foregoing THE COURT HEREBY ORDERS that:

1.  Plaintiff's motion to compel, ECF No. 14, is GRANTED; and

2.  Defendants must pay plaintiff the costs of bringing this motion, totaling $1,998.00, within fourteen days of the service of this order.

DATED:  February 3, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7