BRYAN J. McCORMACK, Bar No. 192418
 Email: *bryan@mcelawfirm.com*
PAUL K. PFEILSCHIEFTER, Bar No. 301463
 Email: *paul@mcelawfirm.com*
MCCORMACK AND ERLICH, LLP
150 Post Street, Suite #742
San Francisco, CA 94108
Tel:   (415) 296-8420
Fax:   (415) 296-8552

Attorney for Plaintiff Anthony Moser

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MOSER, <br><br> Plaintiff, <br><br> vs. <br><br> HM777, INC., a California corporation, doing business as Holland Fire and Plumbing; JEFF HOLLAND, an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 2:14-CV-02188-KJM-AC <br><br> **PLAINTIFF'S *MOTION IN LIMINE* NUMBER TWO TO PRECLUDE DEFENDANT FROM INTRODUCING AT TRIAL EVIDENCE OF INSURANCE CLAIMS FOR DAMAGED VEHICLES** <br><br> Date:  November 28, 2016 <br> Time:  9:00 a.m. <br> Courtroom: 3 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on November 28, 2016, or as soon thereafter as the matter may be heard, in Department 3 of the above-referenced court, Plaintiff will move for an order precluding Defendants, their attorneys, and all witnesses from arguing, testifying, eliciting, suggesting, implying or introducing any evidence of insurance claims submitted by the parties. For the reasons set forth in the accompanying Memorandum, the Plaintiff respectfully requests that the Court grant this Motion.

PLAINTIFF'S *MOTION IN LIMINE* NO. TWO
MOSER v. HM777, INC., ET AL., CASE NO. 2:14-CV-02188-KJM-AC

## I. INTRODUCTION

Plaintiff Anthony Moser ("Plaintiff") seeks to recover unpaid wages, unpaid overtime, and statutorily permitted penalties against defendants HM777, Inc., doing business as Holland Fire & Plumbing ("HM777"), and Jeff Holland ("Holland"). (Hereinafter HM777 and Holland are collectively referenced as "Defendants.") During Plaintiff's deposition, Defendants' counsel asked a series of questions regarding insurance claims for damaged vehicles. This information is not relevant to Plaintiff's claim for damages or to Defendants' defense and would serve only to confuse the jury about relevant issues and waste the Court's time. Therefore, Plaintiff respectfully requests that the Court grant his *Motion in Limine* No. 2 and order that any evidence relating to insurance claims for damaged vehicles be precluded from admission at trial.

## II. ARGUMENT

Federal Rule of Evidence 402 provides, "[e]vidence which is not relevant is not admissible." "Relevant evidence" under the Federal Rules means evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence. Fed. R. Evid. 401. Thus, if evidence regarding any purported insurance claim for claims resulting from vehicular damage is of no consequence to the determination of this action, it is not relevant and therefore not admissible. Finally, this Court may exclude relevant evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff seeks unpaid wages and penalties for violations of the Labor Code. Whether a vehicle was damaged and subsequently paid for by insurance is of no moment to the issues raised by Plaintiff's Labor Code claims. Defendants' only purpose for offering this information would be to cause confusion and unduly prejudicial inferences in the mind of the jury, as this evidence would be offered for no other purpose than to make Plaintiff appear dishonest. But there is not a scintilla of evidence of impropriety offered by Defendants' counsel that would warrant this evidence to be admitted for the only possible purpose that it could be admitted: as evidence of Plaintiff's credibility.

Moreover, Defendants' opened the door to this evidence after the discovery period closed. Further, in response to Plaintiff's myriad document requests, not a single document was produced that would indicate that Plaintiff's credibility should be placed at issue by the subject matter of the questions he was asked during his deposition. Therefore, Plaintiff has had no opportunity to respond to this line of inquiry, other than that which was afforded him during his late-noticed deposition taken after the close of discovery.

Accordingly, if admitted, this evidence would have the detrimental effect of unduly prejudicing Plaintiff without adding any probative value to the merits of either the Plaintiff's claims or the Defendants' defenses, confuse the issues to be decided at trial, mislead the jury, cause undue delay, and waste the Court's time. For these reasons, evidence of insurance claims should be deemed inadmissible at trial.

### III. CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that this Court enter an order requiring that any evidence relating to insurance claims be deemed inadmissible.

Date: July 19, 2016     MCCORMACK AND ERLICH, LLP

/s/ *Paul K. Pfeilschiefter*
By: Paul K. Pfeilschiefter, Esq.
Bryan J. McCormack, Esq.
Attorneys for Plaintiff Anthony Moser